[Civ. No. 502.   Second Appellate District.—May 15, 1908.]

ALICE BURNS and GEORGE BURNS, Appellants, v. G. E. GLOVER, Justice of the Peace, Respondent.

PROHIBITION—ACTION ON NOTE IN JUSTICE'S COURT — AVERMENT OF MISTAKE — SURPLUSAGE.— A writ of prohibition will not lie to prevent the trial of an action on a note for less than $300 in the justice's court merely because the complaint avers a mistake in the note, when it is insufficient to justify equitable relief to reform the note, and no such relief is sought, but the averment is mere matter of surplusage which might be stricken from the complaint.

ID.— EXCESS OF JURISDICTION NOT PRESUMED.—The appellate court cannot assume that, in the trial of the case, the justice's court will exceed its jurisdiction by undertaking to reform a written contract, without sufficient averments or demand for such relief.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The judgment appealed from dismissed a writ of prohibition to the justice's court of Azusa Township, in Los Angeles County. G. E. Glover, Justice. Further facts are stated in the opinion of the court.

H. C. Dillon, for Appellants.

Rolfe B. Bidwell, for Respondent.

SHAW, J.—This is an appeal from a judgment of the superior court of Los Angeles county dissolving an alternative writ of prohibition theretofore issued against respondent, as justice of the peace, prohibiting him from proceeding with the trial of an action.

Fraulob and Wicks, as copartners, instituted suit before said justice to recover upon a promissory note alleged to have been made and delivered to plaintiffs by Alice Burns, one of the petitioners. The promissory note, copy of which was set out in the complaint, was in the following form:

"Nov. 1, 1905.

"On the first, the first day of July, I promise to pay Fraulob and Wicks, for value received, the sum of $one hundred and eighteen cents with interest at six per cent."

(Signed)     "ALICE BURNS."

Nonpayment is alleged and judgment asked against said Burns for $100.18. This proceeding grows out of the fact that there was inserted in the complaint an allegation as follows: "That by mistake of the party writing said note the figures 1906 were omitted after the word July in said note. That by mistake of the party writing said note the word 'dollars' was omitted after the word hundred in the body of said note."

The contention of the petitioners is that by reason of said allegation contained in the complaint the action is one in

·equity for the reformation of a written instrument.  No demand for such relief is made in the complaint and no sufficient facts are alleged which could entitle plaintiffs to a reformation of the instrument.  The allegation as so inserted serves no purpose whatever, and, on motion, should be stricken from the complaint as surplusage.

By their action plaintiffs seek a judgment against Alice Burns for $100.18, basing their right thereto upon an alleged promissory note.  This action is within the jurisdiction of the justice of the peace.  We cannot assume that in the trial of the case the justice court will exceed its jurisdiction by undertaking to reform a written contract, particularly when no facts are alleged entitling the parties to such relief, and no demand therefor made.

Judgment affirmed.

Allen, P. J., and Taggart, J., concurred.